# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN D. HOPGOOD,

    Petitioner,

v.             Case No. 17-CV-1281

REED RICHARDSON,

    Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

  Steven D. Hopgood is incarcerated at Stanley Correctional Institution, having been convicted in Green Lake County for felony murder. On September 22, 2017, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Accompanying his petition were a motion asking that the court stay these proceedings and hold the petition in abeyance to permit him to exhaust his remedies in state court (ECF No. 2), a motion for an evidentiary hearing (ECF No. 4), and a motion to appoint counsel. (ECF No. 5.)

  Hopgood was convicted following a four-day jury trial in December 2012. The court sentenced him on March 15, 2013. Hopgood appealed. He argued that (1) his trial counsel provided ineffective assistance; (2) the state failed to disclose material

exculpatory evidence in time for use at trial; (3) newly discovered exculpatory evidence warranted a new trial; (4) the circuit court erroneously exercised its discretion in denying two mistrial motions, each based on improper statements by a prosecutor, and (5) a new trial should be granted in the interest of justice. The court of appeals affirmed his conviction on June 2, 2016. *See* Wis. Appeal No. 2014AP002742. The Wisconsin Supreme Court denied review on September 22, 2016.

Hopgood now seeks habeas relief on multiple grounds. One of the grounds upon which he seeks habeas relief states a claim that he exhausted in state court; the others do not. And some of the claims were never presented to any state court, for which he seeks a stay and abeyance.

First, he contends that he was denied effective assistance of counsel as a result of his trial counsel's failure to present evidence of a detective's misconduct in his and other cases. This claim was exhausted in state court. (ECF No. 1 at 7.)

Hopgood raises a number of other claims that were presented to the trial court and to the Wisconsin Court of Appeals but not to the Wisconsin Supreme Court. Specifically, Hopgood asserts that his trial counsel was ineffective for six additional reasons. He also contends that the trial court failed to grant a mistrial after the State vouched for another witness's credibility in violation of Hopgood's 14th Amendment due process rights. He further contends that the state failed to provide to the defense

prior to trial evidence of the same detective requesting the reward funds offered by the victim's family.

Finally, Hopgood asserts several grounds for relief that were not presented to any of the state courts: trial counsel failed to investigate an alibi witness demonstrating that Hopgood could not have been at the scene of the crime; trial counsel failed to investigate the State's chief and only witness who placed Hopgood at the scene of the crime; trial counsel failed to properly move the court to sever the defendants' trials and the court errantly allowed a joint trial; and appellate counsel failed to raise all meritorious issues presented on appeal to the Wisconsin Supreme Court.

Ordinarily the court would dismiss a habeas petition containing unexhausted claims and instruct the petitioner to return to federal court only after exhausting his state court remedies. But there is a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). If the court were to dismiss Hopgood's habeas petition, the statute of limitations might bar refiling the petition, preventing Hopgood from seeking federal habeas relief.

Hopgood's conviction became final and the one-year clock began ticking on December 22, 2016, when the deadline for Hopgood seeking review of his conviction by the United States Supreme Court passed. *See* 28 U.S.C. § 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th

3

Cir. 2002)); Sup. Ct. R. 13. Hopgood had one year from that date in which to file his habeas petition. His petition was timely filed on September 22, 2017.

Having said that, if the court were to dismiss Hopgood's petition so that he can pursue the unexhausted claims in state court, once those claims are exhausted he likely will have very little time to refile his habeas petition in federal court. The one-year clock does not stop running with the filing of the federal habeas petition. Only "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the one-year statute of limitations]." 28 U.S.C. § 2244(d)(2).

Under the stay and abeyance procedure approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005), the district court may stay the federal habeas proceedings and hold the petition in abeyance while the petitioner exhausts his remedies in state court. This preserves the petitioner's ability to seek habeas relief but affords the state courts the first opportunity to remedy any constitutional errors in the petitioner's conviction. But because the stay and abeyance procedure would undermine the finality and expediency that Congress sought when it passed the Antiterrorism and Effective Death Penalty Act, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the

4

petitioner's failure to exhaust his claims first in state court." *Id.* Moreover, the claims must be plausibly meritorious. *Id.*

There is no federal constitutional right to the effective assistance of counsel in a discretionary appeal such as Hopgood's petition for review to the Wisconsin Supreme Court. The constitutional right to counsel is guaranteed to a defendant only for trial and for the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600, 610-12 (1974). The Wisconsin Supreme Court has recognized a criminal defendant's right to counsel, including for the filing of a petition for review as a matter of *statutory* as opposed to *constitutional* law. *See State v. Mosley*, 102 Wis. 2d 636, 662-68, 307 N.W.2d 200, 215-17 (1981) (discussing *Moffitt*, 417 U.S. 600). "A claim of ineffective assistance of postconviction counsel should be raised in the trial court either by a petition for habeas corpus or a motion under § 974.06." *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 681, 556 N.W.2d 136 (1996).

However, Hopgood may be able to use ineffective assistance of appellate counsel to avoid procedural default. Generally, before turning to a federal court for relief by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 a person convicted in state court must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A),(C). To satisfy the exhaustion requirement the prisoner must fairly present his claim in each appropriate state court, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Where the

petitioner has pursued state remedies, and there is no longer state corrective process available, the bar to federal habeas relief is not exhaustion but procedural default. *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013). In certain circumstances, counsel's ineffectiveness in failing to properly preserve a claim for review might suffice to constitute "cause" that excuses a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing Murray *v. Carrier*, 477 U.S. 478, 488-89 (1986)).

Hopgood explains that with the assistance of law clerks he has identified additional potentially meritorious issues which were not raised at the trial, appellate, or supreme court levels. He states that the basis for the delay in fully exhausting all of his state court remedies, leading to the one-year statute of limitations likely barring refiling a habeas petition after exhaustion, is that he has not yet received the full working files from counsel and his access to the law library and legal assistance is limited to four hours per week. Because timeliness, exhaustion, and procedural default are affirmative defenses that the respondent may waive, *see Wood v. Milyard*, 566 U.S. 463, 474 (2012) (addressing waiver of timeliness defense) and 28 U.S.C. § 2254(b)(3), and which petitioners may evade under certain circumstances, *see, e.g., Edwards*, 529 U.S. at 451; *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), at this point the court cannot establish that Hopgood's claims are clearly meritless. Thus, the court finds it appropriate to stay these proceedings and hold the petition in abeyance to permit Hopgood to exhaust his state court remedies.

Finally, Hopgood's motions for an evidentiary hearing (ECF No. 4) and to appoint counsel (ECF No. 5) are premature. Therefore, both motions will be **denied without prejudice.** Hopgood is free to renew such motions later in the proceedings.

**IT IS THEREFORE ORDERED** that Hopgood's motion for stay and abeyance is **granted.** The proceedings are stayed and Hopgood's petition is held in abeyance. Not later than **28** days after the exhaustion of his state court remedies or the expiration of time for seeking further review, Hopgood shall notify this court that the state court proceedings are completed and that this court's stay may be lifted. **<u>Failure to do so may result in the court dismissing this action.</u>** The Clerk shall close this case for statistical purposes.

**IT IS FURTHER ORDERED** that Hopgood's motion for an evidentiary hearing (ECF No. 4) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Hopgood's motion to appoint counsel (ECF No. 5) is **denied without prejudice.**

Dated at Milwaukee, Wisconsin this 13th day of November, 2017.

<u>*William E. Duffin*</u>
WILLIAM E. DUFFIN
U.S. Magistrate Judge